IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

MICHAEL WOLFE,

        **Plaintiff,**

        vs.

                                    Civil Action 2:15-cv-2773
                                    Judge Watson
                                    Magistrate Judge King

RICHARD ALBRECHT, *et al.,*

        **Defendants.**


## OPINION AND ORDER

This matter is before the Court on three pending motions: *Defendants' Motion to Compel*, ECF No. 18, *Defendants' Motion for Independent Medical Examination*, ECF No. 19, and defendants' motion to extend the case schedule, ECF No. 20 ("*Defendants' Motion to Extend Schedule*").

Plaintiff seeks recovery for injuries allegedly sustained during the course of a motor vehicle accident on July 30, 2013, allegedly caused by defendant Albrecht[1] while in the course and scope of his employment by defendant Sunrise Express, Inc. *First Amended Complaint*, ECF No. 24. Plaintiff also seeks recovery for injuries allegedly sustained in a second automobile accident on March 16, 2016, involving defendant Quintina L. Stone ("second motor vehicle accident"), which may have aggravated and/or worsened the injuries

---

[1] The death of defendant Albrecht has been suggested on the record. *Suggestions of Death*, ECF No. 6. This Court previously noted that the parties expected to enter into a stipulation pursuant to which the joinder of the decedent's estate would not be necessary. *Preliminary Pretrial Order*, ECF 10, p. 1. No such stipulation appears on the record.

1

sustained in the first collision.  *Id*.  Plaintiff also asserts claims under the UM/UIM and med pay provisions of the policies of insurance issued by defendant Safe Auto Insurance Company.  *Id*.[2]

On October 14, 2015, the Court conducted a preliminary pretrial conference pursuant to the provisions of Fed. R. Civ. P. 16(b). Following that conference, the Court issued an order directing, *inter alia*, that the reports of rebuttal experts be produced by May 15, 2016, that all discovery be completed by August 15, 2016, and that motions for summary judgment be filed by September 15, 2016. *Preliminary Pretrial Order*, ECF No. 10, pp. 2-3.

In written discovery, defendant asked plaintiff to identify "every family doctor, primary care physician, physician, psychologist, psychiatrist, counselor, chiropractor, clinic, hospital, urgent care facility and/or every room [he] consulted with, or have received treatment from, in the last ten (10) years."  Exhibit A (plaintiff's answer to Interrogatory No. 28), attached to *Defendants' Motion to Compel*. On February 25, 2016, defendants noticed an independent medical examination ("IME") of plaintiff by Dr. Martin Gottesman on March 23, 2016, at 9:00 a.m.  ECF No. 13.  On March 7, 2016, plaintiff's representative advised defense counsel that plaintiff could not attend the scheduled IME because of a conflicting medical appointment.  Exhibit C, attached to *Defendants' Motion for Independent Medical Examination*.  Defense counsel responded, "I'm not

---

[2] The *First Amended Complaint* was filed on May 5, 2016. Defendants Safe Auto Insurance Complaint and Quintina L. Stone have not yet entered an appearance in the case.

sure we will be able to reschedule Dr. Gottesman's IME at this date, but I will check." *Id*. Defense counsel also asked plaintiff to identify the doctor whom plaintiff was to see on the date of the scheduled IME. *Id*.

On March 22, 2016, plaintiff's representative asked defense counsel to confirm that the IME scheduled for March 23, 2016 had been cancelled because plaintiff "is unable to attend due to a conflicting doctor's appointment for a matter unrelated to this case." Exhibit D, attached to *Defendants' Motion for Independent Medical Examination*. In response, defense counsel advised that "we specifically requested the name of the physician that Plaintiff claims to be seeing tomorrow, but never heard back from you. Should plaintiff fail to appear at the IME with Dr. Gottesman as scheduled, we will be requesting any no-show fees assessed by Dr. Gottesman." *Id*. Plaintiff did not appear for the IME on March 23, 2016, and Dr. Gottesman billed $400.00 as a no-show fee. Exhibit E, attached to *Defendants' Motion for Independent Medical Examination*.

On the day of the scheduled IME, plaintiff's representative noted, in an email to defense counsel, that defendants had been previously advised that the IME must be rescheduled and advised that, because plaintiff had given defendants "plenty of time to make the necessary arrangements," plaintiff would not pay Dr. Gotteman's no-show fee. Exhibit F, attached to *Defendants' Motion for Independent*

*Medical Examination*.[3]

Unable to resolve certain discovery issues, defendants filed the three motions presently before the Court. First, defendants move for an order directing plaintiff to supplement his answer to Interrogatory No. 28 by identifying the name, address, and telephone number of the physician who treated him on March 23, 2016 and any records of such treatment, arguing that such information is relevant and discoverable. *Defendants' Motion to Compel*. In response, plaintiff represents that his counsel's legal assistant had "incorrectly assumed that the appointment was with a personal physician of the Plaintiff," when in fact the appointment "was with a government entity that provides financial assistance in order to avoid having the Plaintiff's electricity shut-off, which was imminent at that time." *Plaintiff's Memorandum in Response to Defendants' Motion for IME*, ECF No. 21, pp. 1-2 ("*Plaintiff's Response*"). Defendants, who have not filed a reply memorandum, do not apparently dispute these representations. Under these circumstances, plaintiff argues, *Defendants' Motion to Compel* is now moot. *Id*. This Court agrees.

Defendants also ask that plaintiff be required to submit to an IME by Dr. Gottesman on May 10, 2016, and to pay the no-show fee assessed by Dr. Gottesman. *Defendants' Motion for Independent Medical Examination*. In support of their request, defendants argue that they did not agree to reschedule the March 23, 2016 IME "given the quickly

_____

[3] Plaintiffs further stated that, because the "conflicting medical appointment is in no way related to his 7/30/13 accident[,] . . . [plaintiffs' counsel] does not feel that it is necessary to disclose his doctor's information." *Id*.

approaching Rebuttal Witness disclosure deadline of May 15, 2016, and the fact that Dr. Gottesman's calendar would not allow the rescheduling of the IME." *Id*. at 5. Defendants suggest that the IME be rescheduled for May 10, 2016, Dr. Gottesman's next available appointment date. *Id*. at 5-6.

Plaintiff does not oppose an IME but insists that he is not responsible for the no-show fee. *Plaintiff's Response*, p. 1. Plaintiff represents that he was not consulted about the original date of the IME and that he advised defense counsel more than two weeks prior to the scheduled examination that plaintiff could not attend an IME on March 23, 2016. *Id*. at 1-2. Moreover, plaintiff contends, defense counsel expressed no concerns about the expert disclosure deadline and extending the case schedule before filing the motions. *Id*. In any event, plaintiff argues, the recent assertion of additional claims arising out of the second motor vehicle accident will likely require an extension of the current pretrial schedule and yet further delay in scheduling the IME. *Id*. Defendants have not filed a reply memorandum.

The record makes clear that plaintiff has no objection to appearing for an IME on a mutually convenient day and time when Dr. Gottesman is available. To the extent that defendants request payment for Dr. Gottesman's no-show fee, the record indicates that defendants knew on March 7, 2016, that plaintiff was unavailable to participate in the March 23, 2016 IME. There is no indication that defendant cancelled or attempted to reschedule the IME at that time. Moreover,

defendants do not disagree that they expressed no concern about the present case schedule at that time.  Although plaintiff provided inaccurate information as to the reason for his unavailability, and failed to provide information requested by defendants, those failures on plaintiff's part do not justify defendants' failure to attempt to avoid Dr. Gottesman's no-show fee.  The Court agrees that plaintiff is not responsible for the $400.00 no-show fee.

Finally, defendants ask for an extension of the pretrial schedule. *Defendants' Motion to Extend Schedule*, p. 3.  Plaintiff apparently has no objection to an extension of the pretrial schedule. Although the dates proposed by defendants in their motion, *see id*. (contemplating a rescheduled IME on May 10, 2016), are no longer tenable, the Court concludes that there is good cause – particularly in light of the filing of the *First Amended Complaint* and the joinder of additional claims and parties – to modify the pretrial schedule. *See* Fed. R. Civ. P. 16(b)(4). The Court will therefore schedule a continued preliminary pretrial conference upon the entry of appearance by defendants Safe Auto Insurance Company and Stone. The parties may propose a revised pretrial schedule at that time.

**WHEREUPON**, *Defendants' Motion to Compel*, ECF No. 18, and *Defendants' Motion for Independent Medical Examination*, ECF No. 19, are **DENIED as moot.** *Defendants' Motion to Extend Schedule*, ECF No. 20, is **GRANTED**. The Court will schedule a continued preliminary pretrial conference upon the entry of appearance by defendants Safe Auto Insurance Company and Stone. The parties may propose a revised

pretrial schedule at that time.

The Court notes that this case has been referred to a Settlement Week mediation on June 13, 2016. *Notice*, ECF No. 25.

*s/Norah McCann King*

Norah M<sup>c</sup>Cann King
United States Magistrate Judge

May 25, 2016