IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

MICHAEL WOLFE,

        Plaintiff,

  v.                                                  Civil Action 2:15-cv-2773
                                                     Judge Michael H. Watson
                                                     Magistrate Judge Jolson

RICHARD ALBRECHT, et al.,

        Defendants.

## REPORT AND RECOMMENDATION

Plaintiff originally brought this lawsuit in the Franklin County Court of Common Pleas on July 30, 2015, naming Richard Albrecht, Sunrise Express, Safe Auto Insurance Company, and Cincinnati Insurance as Defendants. (Docs. 1, 2; *see* Doc. 1-7 (Plaintiff's voluntary dismissal of Defendant Safe Auto Insurance Company); Doc. 10 at 3 (dismissing claims against Defendant Cincinnati Insurance)). Plaintiff alleges Defendant Albrecht "negligently and unlawfully" caused an automobile accident, which in turn caused Plaintiff, *inter alia*, "physical pain, mental anguish, and emotional distress," as well as lost income. (Doc. 24 at 2–3). Plaintiff further alleges that Defendant Albrecht's employer, Sunrise Express, Inc., is vicariously liable for the accident. (Doc. 24 at 2).

This matter was removed to federal court on the basis of diversity jurisdiction on September 2, 2015. (Doc. 1). Several months later, Plaintiff filed a Motion to Amend (Doc. 22). In support of his motion, Plaintiff asserted that Quintina Stone and her insurer are necessary parties to this litigation:

> Plaintiff's original Complaint was filed in response to injuries he sustained in an automobile collision on July 30th, 2013. On March 16th, 2016, Plaintiff was involved in a second automobile collision and also sustained injuries in that incident which may have aggravated and/or worsened the same injuries and conditions suffered in the first collision. Therefore, the parties to the second

1

> collision are necessary parties to the just adjudication of the claims and injuries involved in the first collision. This is true because the parties involved in either action may attempt to claim that Plaintiff's ongoing symptoms and treatment, as well as permanency of Plaintiff's injuries is as a result of the other collision.

(Doc. 22 at 2). Defendants consented to the amendment (*id.* at 2), and did not otherwise challenge Plaintiff's representation that Defendant Stone and her insurer are necessary parties. As such, the Court allowed the amendment as unopposed. (Doc. 23).

According to the amended complaint, however, Plaintiff and Defendant Stone both reside in Ohio. (Doc. 24 at 1). In this case, the parties invoke this Court's jurisdiction solely on the basis of diversity under 28 U.S.C. § 1332, which establishes federal court jurisdiction where, among other things, the case "is between" "citizens of different states." Diversity jurisdiction has been interpreted to require *complete* diversity between the parties—meaning, the plaintiff cannot be a citizen of the same state as any defendant. *V & M Star, LP v. Centimark Corp.*, 596 F.3d 354, 355 (6th Cir. 2010); *Shea v. State Farm Ins. Cos.*, 2 F. App'x 478, 479 (6th Cir. 2001).

"Federal courts have an 'independent obligation to ensure that subject matter jurisdiction exists.'" *Valinski v. Detroit Edison*, 197 F. App'x 403, 405 (6th Cir. 2006) (quoting *Olden v. LaFarge Corp.*, 383 F.3d 495, 498 (6th Cir. 2004)). Given this, the Court inquired about Defendant Stone's residence during the preliminary pretrial conference on September 14, 2016, and directed the parties to file a joint status report by September 28, 2016, regarding Defendant Stone's residence and this Court's jurisdiction under 28 U.S.C. § 1332. (Doc. 43). On September 27, 2016, Defendant Stone filed a jurisdictional memorandum confirming that she is a resident of Ohio and additionally asserting that this Court lacks jurisdiction. (Doc. 44). No other party filed a notice regarding jurisdiction.

Based upon the amended complaint and Defendant Stone's notice, there is not complete diversity in this case. Accordingly, this Court does not have jurisdiction. It is therefore **RECOMMENDED** that this matter be **REMANDED** to the Franklin County Court of Common Pleas. *See* 28 U.S.C.A. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); *id.* § 1447(e) ("If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."); *Curry v. U.S. Bulk Transp., Inc.*, 462 F.3d 536, 541 (6th Cir. 2006) ("Upon the order granting Curry's motion to amend his complaint to identify Priddy and Susman and add them as nondiverse defendants, complete diversity was destroyed, and so remand to state court was required at that time."); *Collins ex rel. Collins v. Nat'l Gen. Ins. Co.*, 2010 WL 4259949, at *1 (E.D. Mich. Oct. 25, 2010) ("Where a case originally filed in state court has been removed to federal court pursuant to 28 U.S.C. § 1441 and where jurisdiction is based solely on diversity of citizenship under 28 U.S.C. § 1332, amendment of the complaint to join nondiverse parties will destroy the court's jurisdiction and necessitate remand to the state court.").

## Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further

evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).  Failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140, 152–53 (1985).

    IT IS SO ORDERED.


Date:  October 4, 2016                                  /s/ Kimberly A. Jolson
                                                                KIMBERLY A. JOLSON
                                                                UNITED STATES MAGISTRATE JUDGE